UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT J. COLLINS,<br><br>    Defendant. | 03:95-CR-00035-LRH-RAM<br>03:98-CV-00144-LRH-RAM<br><br>ORDER |

Presently before the court is a Robert J. Collins's ("Collins") Motion Claiming Void Judgment (# 176[1]). The United States of America has filed a response (# 185). No reply was filed. Also before the court is Collins's Motion for Judgment on the Pleadings (# 188). The United States has filed an opposition (# 189), and Collins replied (# 193).

**I. Factual and Procedural Background**

In 1995, Collins was convicted of conspiracy to make and mail a destructive device containing an explosive with intent to kill and injure in violation of 18 U.S.C. § 371, making an unlawful destructive device and aiding and abetting in violation of 26 U.S.C. §§ 5822, 5861(f), and 5871, and 18 U.S.C. § 2, possession of an unlawful destructive device and aiding and abetting in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871, and 18 U.S.C. § 2, mailing a destructive device

---

[1] Refers to the court's docket number.

causing serious bodily injury and property damage and aiding and abetting in violation of 18 U.S.C. §§ 2, 1716, and use of a destructive device during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 2, 924(c)(1).

On March 3, 1998, Collins filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence. The motion was ultimately dismissed in its entirety on August 3, 1999. The Ninth Circuit subsequently granted a certificate of appealability and affirmed this court's dismissal. On June 7, 2006, Collins filed the present motion pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure claiming a lack of jurisdiction.

**II. Discussion**

Rule 60(b)(4) of the Federal Rules of Civil Procedure provides, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" if "the judgment is void." Fed. R. Civ. P. 60(b)(4). In the present motion, Collins has raised three grounds for relief.

First, Collins argues that his conviction was void because the magistrate judge decided pretrial matters without Collins's consent. Collins is incorrect. The Federal Magistrates Act, 28 U.S.C. § 636 et seq., defines the powers of United States magistrate judges. Section 636(b)(1) provides as follows:

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).

The United States is correct that a magistrate judge has the authority to issue an arrest warrant, *See* Fed. R. Crim. P. 1(b)(3)(B), 3, 4, detention orders, 18 U.S.C. §§ 3041, 3141, and a writ of habeas corpus ad prosequendum, *see United States v. Mauro*, 436 U.S. 340, 362 (1978).

2

1  Furthermore, Collins has failed to show that any other pretrial matter was determined improperly.

2  Second, Collins argues that the court exceeded its authority be referring his 28 U.S.C. §
3  2255 motion to a magistrate judge and allowed the magistrate judge to decide all pretrial matters.
4  Collins is incorrect.  Section 636(b)(1)(B) permits a district court judge to designate a magistrate to
5  hear such a motion.  28 U.S.C. § 636(b)(1)(B).

6  Finally, Collins argues that the judgment in his criminal case was void because the United
7  States lacked jurisdiction over crimes committed in the state of Nevada.  Collins's argument,
8  however creative, is untenable.  A federal court has jurisdiction over criminal actions that were
9  made illegal pursuant to an express or implied constitutional grant of authority.  Here, there is no
10 indication that the statutes upon which Collins was convicted are unconstitutional.  Thus,
11 jurisdiction was proper pursuant to 18 U.S.C. §§ 2, 371, 924(c), 1716, 3231 and 26 U.S.C. §§ 5822,
12 5841, 5861(d), 5861(f), 5871.

13 IT IS THEREFORE ORDERED that Collins's Motion Claiming Void Judgment (# 176) is
14 hereby DENIED.

15 IT IS FURTHER ORDERED that Collins's Motion for Judgment on the Pleadings (# 188)
16 is hereby DENIED as moot as it addresses the same issues raised in his motion claiming void
17 judgment.

18 IT IS SO ORDERED.

19 DATED this 3rd day of July, 2007.

22 _____
   LARRY R. HICKS
23 UNITED STATES DISTRICT JUDGE