1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                             DISTRICT OF NEVADA

8                                      * * *

9    UNITED STATES OF AMERICA,           )
                                         )
10              Plaintiff,               )        03:95-CR-00035-LRH-RAM
                                         )        03:98-CV-00144-LRH-RAM
11   v.                                  )
                                         )        ORDER
12   ROBERT J. COLLINS,                  )
                                         )
13              Defendant.               )
                                         )
14   _____)

15          Presently before the court is a Robert J. Collins's ("Collins") Motion for Reconsideration (#

16   198).  Collins has also filed an Addendum (# 199) to his motion.  No opposition was filed.

17          In this motion, Collins argues that the judgment in this case is void because the magistrate

18   judge appointed his defense attorney and took his plea.  Collins further objects to fact that the

19   magistrate judge ruled on discovery issues.  Finally, Collins argues that he was denied the

20   opportunity to attend a telephonic discovery hearing.  Upon considering Collins's arguments, all

21   records on file and the relevant law, the court finds no basis to reconsider either of the two previous

22   orders (## 194, 197) issued with respect to this matter.

23          The authority of magistrate judges is set forth in 28 U.S.C. § 636.  The authority of a

24   magistrate judge to issue an order depends on whether the matter is dispositive or nondispositive.

25   Fed. R. Crim. P. 59.  "A district judge may refer to a magistrate judge for determination any matter

26   that does not dispose of a charge or defense."  Fed. R. Crim. P. 59(a).

1   Discovery is a matter that can be referred to a magistrate judge pursuant to Rule 59(a) as it

2   does not dispose of a charge or defense.  *See Grimes v. City & County of San Francisco*, 951 F.2d

3   236, 240 (9th Cir. 1991) (stating, in the context of a civil action, that discovery is clearly a pretrial

4   matter over which magistrate judges can issue orders).  Similarly, magistrate judges have the

5   authority to appoint counsel.  *See* 18 U.S.C. § 636(b)(3) ("A magistrate judge may be assigned such

6   additional duties as are not inconsistent with the Constitution and laws of the United States."); LR

7   IB 1-9(c) (A magistrate judge is authorized to appoint counsel.); *Washington v. Estelle*, 648 F.2d

8   276, 282 (5th Cir. 1981).

9   Collins also objects to the fact that the magistrate judge conducted his initial arraignment

10  and plea (# 4).  However, federal magistrate judge's have the authority to take a criminal

11  defendant's initial plea of not guilty.  LR IB 1-9(c) (A magistrate judge is authorized to preside

12  over all initial appearances, preliminary examinations, and arraignments and to accept pleas of not

13  guilty.); *see also United States v. Smith*, 424 F.3d 992, 999 (9th Cir. 2005).

14  Collins's final assertion of error concerns an October 25, 1995, telephonic hearing (# 27)

15  conducted by the magistrate judge.  Collins argues that the hearing violated Rule 43(a)(2) because

16  he did not attend.  Collins is mistaken.

17  Rule 43(a)(2) provides that the defendant must be present at every trial stage.  Fed. R. Crim.

18  P. 43(a)(2).  Here, the court finds that Collins did not have a right to attend the October 25, 1995,

19  hearing as his presence was not required for the fair resolution of the issue.  Rule 43(b)(3) provides

20  that a defendant need not be present if the proceeding involves only a conference or hearing on a

21  question of law.  Fed. R. Crim. P. 43(b)(3).  The October 25, 1995, hearing involved legal

22  questions concerning the parties' discovery obligations.  *See* (October 25, 1995, Minutes of the

23  Court (# 27); Mot. for Discovery (# 10).)  As no factual questions were at issue, Collins's presence

24  was not required.  Furthermore, the Minutes of the Court (# 27) indicate that Collins was

25  adequately represented by counsel who agreed to mutual discovery.

26

1    IT IS THEREFORE ORDERED that Collins's Motion for Reconsideration (# 198) is

2  hereby DENIED.

3    IT IS SO ORDERED.

4    DATED this 13th day of February, 2008.

5

6

7  _____
   LARRY R. HICKS
   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3