UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>ROBERT JOHN COLLINS,<br><br>   Defendant. | 3:95-cr-00035-LRH-RAM<br><br><u>ORDER</u> |

Presently before the court is Defendant Robert Collins' "Motion to Compel the U.S. District Court to Follow the Law . . . ." (#212[1]). The United States of America has filed an opposition (#218) to which Collins replied (#225).[2]

**I. Facts and Procedural History**

In 1995, Collins was convicted of the following offenses: (1) conspiracy to make and mail a destructive device containing an explosive with intent to kill and injure in violation of 18 U.S.C. § 371; (2) making an unlawful destructive device and aiding and abetting in violation of 26 U.S.C. §§

---

[1] Refers to the court's docket entry number.

[2] Collins has also filed a "Request for Judgment" (#217), arguing that the government has failed to submit a timely response to his motion to compel. However, the government requested and this court granted an extension of time to respond to Collins' motion. Although the title of the government's motion to extend time requests an extension of time only with regard to the portion of Collins' motion dealing with 18 U.S.C. § 3600, the court construes the government's motion to seek an extension of time to respond to Collins' motion in its entirety. Accordingly, the court will deny Collins' "Request for Judgment" (#217).

1  5822, 5861(f), and 5871, and 18 U.S.C. § 2; (3) possession of an unlawful destructive device and
2  aiding and abetting in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871, and 18 U.S.C. § 2; (4)
3  mailing a destructive device causing serious bodily injury and property damage and aiding and
4  abetting in violation of 18 U.S.C. §§ 2, 1716; and (5) use of a destructive device during and in
5  relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 2, 924(c)(1).
6       On February 10, 1997, the Ninth Circuit Court of Appeals affirmed Collins' conviction.
7  *United States v. Collins*, 109 F.3d 1413 (9th Cir. 1997).  On October 6, 1997, the Supreme Court of
8  the United States denied certiorari.  *Collins v. United States*, 522 U.S. 870 (1997).
9       Since that time, Collins has filed a number of motions challenging his conviction.  On
10 March 3, 1998, Collins filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct
11 sentence.  The motion was ultimately dismissed in its entirety on August 3, 1999.  The Ninth
12 Circuit subsequently affirmed this court's dismissal.
13      On June 7, 2006, Collins filed a motion pursuant to Rule 60(b)(4) of the Federal Rules of
14 Civil Procedure claiming that the district court lacked jurisdiction to impose judgment.  On July 5,
15 2007, the court denied the motion.  Collins then filed a motion to reconsider, which the court
16 denied on February 14, 2008.
17      On February 25, 2008, Collins filed a notice of appeal claiming a "void judgment under
18 Federal Rules of Civil Procedure 12(b0(1), 12(h)(3) & 60(b)(4) for lack of jurisdiction," which is
19 currently pending before the Ninth Circuit Court of Appeals.  On July 11, 2008, Collins filed the
20 motion now before the court.
21 ///
22 ///
23 ///
24 ///
25 ///
26

2

## II. Discussion

In the motion, Collins seeks the "complete FBI DNA lab tests reports" conducted during the investigation of his case, re-testing of his own DNA, and re-testing of DNA samples on postage stamps affixed to the package containing the explosive device that detonated in hands of Nevada Highway Patrol Trooper Kenneth Gager.[3] (Collins' Mot. (#212) at 22, 30-31.) With regard to the DNA test results, Collins contends 42 U.S.C. § 14132(b)(3)(C) requires the government to supply him with the results. With regard to the DNA testing, Collins contends he is entitled to DNA testing pursuant to 18 U.S.C. § 3600. The court will address each of these issues below.

### A. DNA Test Results

Collins seeks the results of a blood test conducted prior to his trial and conviction. As a preliminary matter, the court must identify the authority for the motion now before it. Collins asks the court to order the government to turn over the requested DNA results pursuant to 42 U.S.C. § 14132(b)(3)(C). Section 14132 is a provision of the Violent Crime Control and Law Enforcement Act of 1994. Under § 14132, "Congress authorized the [Federal Bureau of Investigation] to create a national index of DNA samples taken from convicted offenders, crime scenes and victims of crime, and unidentified human remains." H.R. Rep. No. 106-900 at 8 (2000). The statute specifies the uses to which the DNA samples can be used. *Id.* Section 14132(b)(3)(C), the subsection upon which Collins relies, permits disclosure of DNA samples "for criminal defense purposes, to a defendant, who shall have access to samples and analyses performed in connection with the case in which such defendant is charged." 42 U.S.C. § 14132(b)(3)(C).

///

///

---

[3] Collins also criticizes the conduct of his trial counsel and questions the integrity of the government lawyers assigned to the case. However, as the overwhelming focus of the motion is Collins' requests for lab results and DNA testing, Collins' references to his counsel and government counsel appear extraneous. The court will limit its review of Collins' motion to his claims relating to the DNA results and testing.

3

### 1.   Applicability of 42 U.S.C. § 14132(b)(3)(C)

The government argues § 14132(b)(3)(C) is inapplicable because Collins challenges his criminal conviction.  This argument is unavailing, as one purpose of the enactment of § 14132(b)(3)(C) was to facilitate DNA-based exonerations.  *See  Johnson v. Quander*, 440 F.3d 489, 502 (D.C. Cir. 2006) ("[T]he statutory text suggests that [§ 14132(b)(3)(C)] was enacted, in part, to facilitate DNA-based exonerations."); *see also United States v. Stewart*, 532 F.3d 32, 35 (1st Cir. 2008) (noting one purpose of the DNA database authorized by the Act is to exonerate innocent individuals); *Banks v. United States*, 490 F.3d 1178, 1188 (10th Cir. 2007) (same); *United States v. Hook*, 471 F.3d 766, 773 (7th Cir. 2006) (same).  The court sees no reason to limit the potential for exoneration provided for by the statute to defendants who have yet to be convicted.

### 2.   28 U.S.C. § 2255

The government also argues the motion is an impermissible 28 U.S.C. § 2255 motion because Collins essentially challenges the legality of his detention.  When a federal prisoner attacks the validity or length of his detention, a motion under § 2255 is the prisoner's sole judicial remedy.  *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).  As the government notes, the court would lack jurisdiction to consider such a motion in this case because Collins has already filed a § 2255 motion and Collins has failed to seek authorization from the Ninth Circuit Court of Appeals to file a second § 2255 motion.  *See* 28 U.S.C. § 2255; *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (finding the district court lacked jurisdiction to consider a second or successive § 2255 motion because movant failed to request authorization to file the motion from the Court of Appeals).

Collins expressly disclaims any current intent to challenge his conviction or his detention. Instead, although Collins maintains his innocence, at this time he seeks only the requested DNA test results.  Thus, the issue is whether, despite Collins' statements to the contrary, Collins essentially seeks to attack his underlying conviction.

As noted, where a federal prisoner challenges the validity of his confinement, a motion under § 2255 is the prisoner's sole judicial remedy. *Preiser*, 411 U.S. at 490. Thus, in *Heck v. Humphrey*, the Supreme Court held that a prisoner may not premise a civil rights action on a claim for which a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 487 (1994).

Applying *Heck* to a situation similar to the one presented here, the Ninth Circuit held, "*Heck* does not bar a prisoner's § 1983 action seeking post-conviction access to biological evidence in the government's possession . . . [because] success in such an action would not 'necessarily demonstrate the invalidity of confinement or its duration.'" *Osborne v. Dist. Attorney's Office*, 423 F.3d 1050, 1054 (9th Cir. 2005) (*quoting Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). In so holding, the court reasoned (1) success would provide only access to the evidence and nothing more, (2) as the further DNA analysis sought might be exculpatory, inculpatory, or inconclusive, there was a significant chance that the results might have no effect on the validity of the prisoner's confinement, and (3) even if the results were to exonerate the prisoner, to overturn his conviction, the prisoner would have to file a separate action alleging a separate constitutional violation. *Id.* at 1054-55 (citations omitted).

The Ninth Circuit's decision in *Osborne* indicates the court need not construe Collins' request for DNA evidence as a § 2255 motion. If Collins is successful in gaining access to the DNA evidence, such success would not "necessarily demonstrate the invalidity of his confinement." *Dotson*, 544 U.S. at 820. Accordingly, the court finds that Collins' motion is not in the form of a § 2255 motion.

       **3.**     **Private Right of Action Under 42 U.S.C. § 14132**

Having concluded Collins' motion is not an impermissible § 2255 motion, the question remains as to how the court should construe Collins' motion. Unlike the prisoner in *Osborne*, Collins has not filed a civil complaint alleging a due process violation, seeking as a remedy the

5

release of the DNA evidence.  Instead, Collins appears to assume that § 14132 itself provides him a right to access the DNA evidence.  While § 14132(b)(3)(C) permits the disclosure of the information requested by Collins, it is not clear that the statute provides an individual with a right to bring a civil action to enforce the statute's mandate.

"The fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person."[4]  *Cannon v. Univ. of Chicago*, 441 U.S. 677, 689 (1979).   Instead, "private rights of action to enforce federal law must be created by Congress."  *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (citation omitted).  Here, there is no statutory provision within the Violent Crime Control and Law Enforcement Act providing for private enforcement of § 14132.

As the Act does not explicitly provide for private enforcement of § 14132, the court must determine whether a private right of action is implied in § 14132.  In determining whether a private remedy is implied in a statute not expressly providing for one, the court considers the following factors: (1) whether the plaintiff is "one of the class whose especial benefit the statute was enacted-that is, [whether] the statute create[s] a federal right in favor of the plaintiff"; (2) whether there is "any indication of legislative intent, explicit or implicit, either to create such a remedy or deny one"; (3) whether the cause of action is "consistent with the underlying purposes of the legislative scheme"; and (4) whether "the cause of action [is] one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law."  *Cort v. Ash*, 422 U.S. 66, 78 (1975) (internal quotations and citations omitted).

Here, the first factor arguably weighs in favor of finding an implied cause of action: § 14132(b)(3)(C) permits disclosure of DNA samples "for criminal defense purposes, to a defendant . . . ." 42 U.S.C. § 14132(b)(3)(C).  Regardless, "even where a statute is phrased in . . . explicit

---

[4] The court makes no finding with regard to whether § 14132 has actually been violated here.

6

rights-creating terms, a plaintiff suing under an implied right of action must show that the statute manifests an intent to create not just a private *right* but also a private *remedy*." *Townsend v. Univ. of Alaska*, 543 F.3d 478, 487 (9th Cir. 2008) (emphasis in original) (citation omitted).

Thus, the second factor, whether Congress intended to create a private right of action in federal court, is generally controlling. *Id.* (*citing Alexander*, 532 U.S. at 286). Here, nothing in the Act's language or legislative history indicate a congressional intent to create a private right of action to enforce § 14132. For example, both § 14132's plain terms and its legislative history indicate the purpose of the section is to permit the Director of the Federal Bureau of Investigation to establish an index of DNA information and to provide for quality control and privacy protections for the DNA information in the index. *See* 42 U.S.C. §§ 14132(a), (b); H.R. Rep. No. 106-900 at 27 (2000) (noting that § 14132(b)(3) provides for "strict privacy protections" and for the DNA samples and analysis to be used for "law enforcement purposes and virtually nothing else"). The statute and the legislative history therefore focus on regulating law enforcement agencies. "Statutes that focus on the person regulated rather than the individuals protected create 'no implication of an intent to confer rights on a particular class of persons.'" *Alexander*, 532 U.S. at 289 (*quoting California v. Sierra Club*, 451 U.S. 287, 294 (1981)).

The court has reviewed the language and the legislative history of § 14132 and finds that neither provide any indication of a congressional intent to create a private right of action for a criminal defendant seeking access to DNA evidence. As Collins appears to base his request for DNA evidence solely on § 14132(b)(3)(C), the court will deny Collins' request.[5]

///

---

[5] Nonetheless, Collins may not be without a remedy. The Ninth Circuit has recognized a limited due process right of access to DNA evidence for purposes of post-conviction DNA testing. *Osborne v. Dist. Attorney's Office*, 521 F.3d 1118, 1122 (2008), *cert. granted*, 129 S. Ct. 488 (2008). The court expresses no opinion as to whether Collins is entitled to such a due process right under the circumstances presented in this case. However, the court notes that if Collins attempts to pursue such a claim in the form of a civil rights action, Collins will be required to demonstrate that he has such a due process right and that his action is timely under the applicable statute of limitations.

7

### B. DNA Testing

Pursuant to 18 U.S.C. § 3600, Collins also asks the court to order the government to re-test his DNA and "to have his DNA tested against the evidentiary stamp DNA." (Def.'s Mot. (#212) at 29.) In relevant part, § 3600 requires the court to order post-conviction DNA testing of specific evidence if all of the following ten factors are satisfied:

(1) The applicant asserts, under penalty of perjury, that the applicant is actually innocent of the federal offense for which he is under a sentence of imprisonment;

(2) The specific evidence to be tested was secured in relation to the investigation or prosecution of the federal offense for which the applicant is imprisoned;

(3) The specific evidence to be tested was previously subject to DNA testing and the applicant is requesting DNA testing using a new method or technology that is substantially more probative than the prior DNA testing;

(4) The specific evidence to be tested is in the possession of the government and has been subject to a chain of custody and retained under conditions sufficient to ensure that such evidence has not been substituted, contaminated, tampered with, replaced, or altered in any respect material to the proposed DNA testing;

(5) The proposed DNA testing is reasonable in scope, uses scientifically sound methods, and is consistent with accepted forensic practices;

(6) The applicant identifies a theory of defense that is not inconsistent with an affirmative defense presented at trial and would establish the actual innocence of the applicant of the federal offense for which he is imprisoned;

(7) The identity of the perpetrator was at issue in the trial;

(8) The proposed DNA testing of the specific evidence may produce new material evidence that would support the applicant's theory of defense and raise a reasonable probability that the applicant did not commit the offense;

(9) The applicant certifies that the applicant will provide a DNA sample for purpose of comparison; and

(10) The motion is made in a timely fashion.

18 U.S.C. § 3600(a).

The government primarily contends Collins has failed to meet the sixth requirement cited above because the requested testing and Collins' asserted theory of defense would not establish Collins' actual innocence.[6]  As noted, Collins seeks re-testing of the DNA on the postage stamps affixed to the package containing the explosive device.  At the time of the investigation, Collin's DNA was tested against the DNA on the stamp.  The results indicated that DNA on the stamp did not match Collin's DNA.  At the trial, Collins' ex-wife and daughter testified that they frequently licked stamps for Collins.  Prosecutors presumably used this testimony to explain why Collins' DNA did not match the DNA present on the stamps.

Collins now seeks re-testing of the stamps to determine whether the DNA on the stamps in fact matches the DNA of his ex-wife and daughter.  Collins essentially seeks to impeach the trial testimony of his ex-wife and daughter.  As Collins states, "The DNA will show that [two] key government witness[es], [Collins' ex-wife and daughter,] committed perjury." (Collins' Mot. (#212) at 4.)  Thus, it appears that Collins' theory of defense is that if his ex-wife and daughter did not lick the stamps, he could not have sent the package containing the explosive device.

Even if the DNA analysis indicates that the DNA on the stamps does not match the DNA of Collins' ex-wife or daughter, such evidence and Collins' asserted theory of defense would not establish Collins' actual innocence.  DNA evidence was not the only evidence that convicted Collins.  To the contrary, beyond the DNA evidence relating to the stamps, there is no indication in

---

[6] The government also maintains Collins has failed to meet the third requirement because Collins has failed to show another method of testing would be more probative than the tests already conducted.  Collins asks that the DNA test be done pursuant to the short tandem repeat ("STR") analysis.  Based on the evidence currently before it, the court is unable to determine whether this analysis would be more probative than any analysis already conducted.

the record that DNA evidence played any other role in Collins' conviction.  Further, there is no indication in the record that the testimony of Collins' ex-wife and daughter was determinative of Collins' guilt, and Collins has failed to provide any argument rebutting the additional evidence presented by the government supporting Collins' guilt.  Accordingly, because his theory of defense would not establish his actual innocence, the court finds Collins has failed to meet the requirements of 18 U.S.C. § 3600.  As such, he is not entitled to the requested DNA testing.

IT IS THEREFORE ORDERED that Collins' "Motion to Compel the U.S. District Court to Follow the Law . . . ." (#212) is hereby DENIED.

IT IS FURTHER ORDERED that Collins' "Request for Judgment" (#217) is hereby DENIED.

IT IS SO ORDERED.

DATED this 24th day of April, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE