UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>ROBERT JOHN COLLINS,<br><br>       Defendant. | 3:95-cr-00035-LRH-RAM<br><br>ORDER |

Defendant Robert Collins seeks reconsideration of the court's April 24, 2009, Order (#228[1]) denying Collins' "Motion to Compel the U.S. District Court to Follow the Law . . . " (#212) and "Request for Judgment" (#217). In the order, the court denied Collins' requests, made pursuant to 42 U.S.C. § 14132(b)(3)(C) and 18 U.S.C. § 3600, for access to DNA results and for re-testing of DNA evidence.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for

---

[1] Refers to the court's docket entry number.

reconsideration must be made within a reasonable time, and, in any event, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

The court has reviewed Collins' arguments and finds that Collins has failed to identify any error warranting reversal of the court's prior decision. As the court found in its previous order, Collins cannot obtain his DNA results pursuant to 42 U.S.C. § 14132(b)(3)(C) because the statute does not provide an individual with a right to bring a civil action to enforce the statute's mandate. Likewise, Collins' claim for the re-testing of DNA evidence under 18 U.S.C. § 3600 fails because his asserted theory of defense would not establish his actual innocence. *See* 18 U.S.C. § 3600(a)(10) (a court "shall order DNA testing of specific evidence if the court finds that all of the follow apply: . . . "(6) The applicant identifies a theory of defense that . . . would establish the actual innocence of the applicant . . . .") Even if, as Collins asserts, the DNA on the postage stamps does not match that of Collins' ex-wife and daughter, such evidence would not establish Collins' actual innocence.[2]

IT IS THEREFORE ORDERED that Collins' Motion to Reconsider (#229) is DENIED.

IT IS SO ORDERED.

DATED this 1st day of April, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] In his briefing, Collins continues to assert that his denial of access to DNA evidence during trial violated his constitutional rights. As the court noted in its previous order, if Collins wishes to challenge the legality of his detention, he must seek approval from the Ninth Circuit Court of Appeals to file a second motion under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255; *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (finding the district court lacked jurisdiction to consider a second or successive § 2255 motion because movant failed to request authorization to file the motion from the Court of Appeals).